UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK HAUGHT, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>MOTOROLA MOBILITY, INC., a Delaware corporation,<br><br>   *Defendant*. | Case No. 12-cv-02515<br><br>Honorable Virginia M. Kendall |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's Minute Order dated April 26, 2012, Plaintiff Jack Haught and Defendant Motorola Mobility, Inc. (collectively, the "Parties"), hereby submit the following Joint Initial Status Report.

**1.**   **The Attorneys of Record.**

  a.   Plaintiff Jack Haught:

    Christopher L. Dore
    EDELSON MCGUIRE LLC
    350 North LaSalle Street, Suite 1300
    Chicago, Illinois 60654

  b.   Defendant Motorola Mobility, Inc.:

    Mark L. Durbin
    EDWARDS WILDMAN PALMER LLP
    225 West Wacker Drive, Suite 3000
    Chicago, Illinois 60606

**2.**   **The Basis for Federal Jurisdiction.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000,

1

exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

The Court has personal jurisdiction over Defendant Motorola Mobility and venue is proper here because Defendant Motorola Mobility is headquartered in this District.

**3.      The Nature of the Claims Asserted in the Complaint and Any Expected Counterclaims.**

a.      <u>Plaintiff's Position</u>: In his Complaint, Plaintiff alleges that Defendant misrepresented the impending nature of an operating system upgrade for its CLIQ XT cellular telephone, thereby inducing him and a class of similarly situated consumers to purchase the phone when they otherwise would not have, or would have paid less to do so. In reality, Defendant had no intention of providing the upgrade as represented and has since affirmatively stated that an upgrade will not be released. As a result of Defendant's conduct, Plaintiff filed the instant lawsuit alleging three causes of action against Defendant on behalf of himself and the putative class: (i) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, *et seq.*, (ii) Fraud by Omission, and (iii) Unjust Enrichment.

b.      <u>Defendant's Position</u>:  Motorola denies Plaintiff is entitled to relief.  Plaintiff's claim has already been dismissed once by the Northern District of California and his current claim remains insufficient.  For example, Plaintiff concedes in his Complaint that he had no contact with Motorola whatsoever prior to his purchase of his phone, and regardless, none of the statements alleged in the Complaint were false or misleading or consisted of a promise or guarantee to provide any upgrade, much less any by a date certain.  Plaintiff also concedes that his phone had all of the qualities and characteristics Motorola advertised it as having and worked exactly as he expected it to work when he purchased it.  Plaintiff does not allege losing any money or property as a result of anything Motorola said or did.  Because Motorola made no

statements that were false or misleading, and Plaintiff never saw or relied on any statements promising anything, and suffered no injury, he has not stated a claim for violations of the Illinois Consumer Fraud Act or common law fraud, or unjust enrichment, and this case should be dismissed.

4. **The Name of Any Party not Yet Served.** All parties have been served with Summons and the Complaint.

5. **The Principal Legal Issues.**

   a. <u>Plaintiff's Position</u>: The principal legal issues in this matter include whether Defendant's conduct as alleged in the Complaint constitutes (i) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, *et seq.*, (ii) Fraud by Omission, and (iii) Unjust Enrichment.

   b. <u>Defendant's Position</u>: Defendant agrees with the legal issues as stated by Plaintiff. In addition, the legal issues will include the issue of whether Plaintiff can establish any of the elements required by F.R.C.P. 23 to certify a nationwide class and likely will include whether Plaintiff's claims are subject to arbitration under the contract governing Plaintiff's purchase of his phone.

6. **The Principal Factual Issues.**

   a. <u>Plaintiff's Position</u>: The principal factual issue in this matter is whether Defendant intentionally misrepresented and/or concealed from Plaintiff and the putative class the fact that it would not release an operating system upgrade for its CLIQ XT cellular telephone.

   b. <u>Defendant's Position</u>: The principal factual issues are: (1) whether Plaintiff agreed to arbitrate this claim, (2) whether Motorola made any actionable statement on its website, *i.e.,* any statement that was false or misleading at any time; (3) whether Plaintiff

actually saw or relied on any statements on Motorola's website; (4) whether Plaintiff suffered any injury at all in receiving a phone that worked. Regarding Plaintiffs' attempt to certify a class consisting of all individuals and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011, the principal factual issues are whether Plaintiffs can establish any of the elements required by Rule 23.

7.  **Whether a Jury Trial is Expected by Either Party.** Plaintiff has requested a trial by jury of all matters that can be so tried.

8.  **Discovery to Date and Anticipated Discovery.** To date, no discovery has taken place.

    a.  Plaintiff's Position: Plaintiff anticipates seeking discovery, including interrogatories, requests for the production of documents, requests for admission, and depositions, on the following non-exhaustive list of topics: (i) the number of CLIQ XTs purchased by consumers, (ii) the number and amount of refunds provided by Defendant to purchasers of the CLIQ XT, (iii) Defendant's development, maintenance, sales, marketing, testing, and customer support for the CLIQ XT, and (iv) the CLIQ XT's operating system and operating system upgrade plan. Plaintiff expects both class and merits discovery to be completed within nine months of the Parties' Rule 26(f) conference, with an additional two months of expert discovery.

    b.  Defendant's Position: Motorola's position is that any discovery prior to the Court's ruling on the pending motion to dismiss is premature, as the issues about which discovery will be necessary will not be settled prior to the Court's ruling and the costs of discovery in a putative nationwide class action like this would be substantial. In the event the motion is not granted in its entirety and certain issues remain, Motorola anticipates taking discovery on all aspects of Plaintiff's remaining individual and class claims. If the Complaint

survives the motion to dismiss, Motorola requests that discovery commence one week after this Court's ruling on the motion, which would also be the deadline to serve initial disclosures. Motorola estimates that fact discovery could be completed in 12 months and expert discovery three months thereafter.

**9.     Earliest Date the Parties Will be Ready for Trial and the Length of the Trial.**

a.     <u>Plaintiff's Position:</u>  Plaintiff anticipates that this matter will be ready for trial by mid-October 2013 and that a trial will require approximately three (3) days.

b.     <u>Defendant's Position:</u>  Defendant anticipates that this matter will be ready for trial by February 2014 and that the trial will require approximately 8 days.

**10.     Whether the Parties Consent to Proceed Before the Magistrate Judge.** The Parties respectfully decline to proceed before a Magistrate Judge for all matters.

**11.     The Status of Any Settlement Discussions and Whether the Parties Request a Settlement Conference.**

a.     <u>Plaintiff's Position</u>:  The Parties have conferred regarding the potential resolution of the case, but have been unable to reach agreement. Plaintiff remains open to discussing the possibility of a reasonable settlement at a conference to be presided over by the Court or in private mediation.

b.     <u>Defendant's Position</u>:  Motorola remains open to an amicable resolution; however, given the nature of the underlying claims and their prior dismissal by the Northern District of California, Motorola submits that a settlement conference would be more appropriate at a later date.

*          *          *

Respectfully submitted,

**JACK HAUGHT**, individually and on behalf of all others similarly situated,

Dated: June 15, 2012          By:  /s/ Christopher L. Dore
                                           One of Plaintiff's Attorneys

Christopher L. Dore
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
cdore@edelson.com

**MOTOROLA MOBILITY, INC.**,

Dated: June 15, 2012          By:   /s/ Mark L. Durbin
                                           One of Defendant's Attorneys

Mark L. Durbin
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Suite 3000
Chicago, IL 60606-1229
Telephone: (312) 201-2000
mdurbin@edwardswildman.com