IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK HAUGHT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MOTOROLA MOBILITY, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 1:12-cv-02515<br><br>Honorable Virginia M. Kendall |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Motion for Preliminary Approval of a proposed class action settlement ("Settlement") of the above-captioned matter (the "Action") between Plaintiff Jack Haught ("Plaintiff") and Defendant Motorola Mobility, LLC (f/k/a Motorola Mobility, Inc.) ("Defendant"), as set forth in the Class Action Settlement Agreement between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

    1.    Unless defined herein, all defined terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

    2.    The Court has conducted a preliminary evaluation of the Settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of Magistrate Judge Young B. Kim, and (iii) the Settlement warrants Notice of its material terms to Settlement Class Members for their consideration and reaction. Therefore, the

Court grants preliminary approval of the Settlement.

3.  Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of: All Persons and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

4.  For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff Jack Haught as Class Representative.

5.  For settlement purposes only, the Court hereby preliminarily approves the appointment of the following attorneys as Class Counsel:

>   Rafey S. Balabanian
>   Benjamin H. Richman
>   Christopher L. Dore
>   Edelson PC
>   350 North LaSalle Street, Suite 1300
>   Chicago, Illinois 60654

6.  On November 20, 2014 at 9:00 a.m., or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether: (a) final approval of the Settlement should be granted and (b) Class Counsel's application for attorneys' fees and expenses, and an incentive award to the Class Representative should be granted. No later than October 3, 2014, Plaintiff must file his papers in support of Class Counsel's application for attorneys' fees and expenses, and no later than October 31, 2014, Plaintiff must file his papers in support of final approval of the Settlement and in response to any objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than November 7, 2014.

7.  Pursuant to the Settlement Agreement, Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator and shall be required to perform all of the

duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8. To aid in the efficient submission of claims, the Settlement Agreement allows claimants to submit claims online without the need for a manual signature. Claimants who submit an electronic Claim Form shall be bound to the same extent as if they had used a manual signature and the Claim Form will contain a statement to that effect.

9. The Court approves the proposed plan for giving Notice to the Settlement Class by direct Notice through postcards to the last-known addresses of the Settlement Class Members and the creation of the Settlement Website, as more fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the Notice Plan no later than August 18, 2014.

10. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than sixty (60) days following the date the Postcard Notice is first disseminated to the Settlement Class Members. To be valid, any Request for Exclusion must identify the case name *Haught v. Motorola Mobility, Inc.*, No. 12-cv-2515 (N.D. Ill.); state the name, address, and telephone number of the Settlement Class Member seeking exclusion; identify the telephone number that the Settlement Class Member believes was associated with the CLIQ XT purchased by the Settlement Class Member; and be physically signed by the Person seeking exclusion. Each Request for Exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Haught v. Motorola Mobility*." A request for

exclusion that does not include all of the foregoing information; is sent to an address other than the one designated in the Notice; or is not postmarked within the time specified, shall be invalid and the Person serving such a request shall be deemed a member of the Settlement Class and be bound as a Settlement Class Member by the Settlement. The Settlement Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and counsel for Defendant.

11. Any member of the Settlement Class may comment in support of, or in opposition to, the Settlement at her, his, or its own expense, *provided, however*, that all comments and objections must be filed with the Court and postmarked to Class Counsel and Defendant's counsel no later than sixty (60) days following the date the Postcard Notice is first disseminated to the Settlement Class. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for her, his, or its comment to be considered by the Court. To be valid, any objections shall be in writing with the caption *Haught v. Motorola Mobility, Inc.*, No. 12-cv-2515 (N.D. Ill.) and include: (a) the Settlement Class Member's full name and current address, (b) the telephone number that the Settlement Class Member believes was associated with the CLIQ XT purchased by the Settlement Class Member, (c) a signed declaration that she, he, or it believes herself, himself, or itself to be a member of the Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, and (f) a notice of intent to appear (if any).

12. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived her, his, or its objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

13. The Settlement Agreement and the proceedings and statements made pursuant to

the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered, or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

14. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Action shall revert to its status with respect to class certification and as it otherwise existed prior to the date of the Settlement Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

ENTERED: 7-3-14

HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE