# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACK HAUGHT, individually and on behalf
of all others similarly situated,

               Plaintiff,

     v.

MOTOROLA MOBILITY, INC., a Delaware
corporation,

               Defendant.

Case No. 1:12-cv-02515

Honorable Virginia M. Kendall

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement is entered into by and between named Plaintiff Jack Haught, on behalf of himself and all Settlement Class Members as defined herein (collectively "Plaintiff"), and Defendant Motorola Mobility, LLC (f/k/a Motorola Mobility, Inc.) ("Defendant"). Plaintiff and Defendant are collectively referred to herein as the "Parties." This Settlement Agreement intends to release, resolve, discharge, and settle the Released Claims (as defined herein) finally and forever, upon and subject to the terms and conditions of this Settlement Agreement and subject to the final approval of the Court.

## RECITALS

A.      On April 5, 2012, Plaintiff filed a putative class action complaint against Defendant in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Haught v. Motorola Mobility, Inc.* (Case No. 1:12-cv-02515), which was assigned to the Honorable Virginia M. Kendall.

B.      Plaintiff alleged that, beginning in March of 2010, Defendant represented that it would upgrade the Android operating system of its CLIQ XT mobile devices, but ultimately did

-1-

not do so. Plaintiff's Complaint alleged that Defendant made intentional misrepresentations concerning the upgrade and violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS §§ 505/1, *et seq.*). Plaintiff also alleged that Defendant's conduct constituted fraud by omission and unjust enrichment.

      C.     On June 11, 2012, Defendant moved to dismiss Plaintiff's Complaint (Dkt. 15), to which Plaintiff responded on July 2, 2012. (Dkt. 23.) On August 23, 2012, the Court granted in part and denied in part Defendant's Motion. (Dkt. 27.) Thereafter, on September 17, 2012, Motorola filed its Answer to Plaintiff's Complaint. (Dkt. 29.)

      D.     Throughout the pendency of this Action, the Parties discussed the possibility of settlement. Following the filing of Defendant's answer, the Parties engaged in additional settlement discussions and agreed to move the Court to stay proceedings pending the resolution of settlement discussions. The Court granted the stay on January 2, 2013. (Dkt. 32.) Thereafter, the Parties participated in further in-depth settlement discussions, including the exchange of a detailed memorandum of understanding. After agreeing on the primary terms of the settlement and relief to the Class, the Parties reached an impasse on finalizing the details of the claims process.

      E.     On March 15, 2013, the Parties agreed to participate in a settlement conference with Magistrate Judge Young B. Kim. On March 22, 2013, the Parties engaged in preliminary settlement discussions by phone with Magistrate Judge Kim that resulted in the issuance of a subpoena to non-party T-Mobile USA, Inc. to obtain certain Class Member information, namely a list with the contact information of the members of the Settlement Class.

      F.     After several rounds of negotiations and conferences with Magistrate Judge Kim (held on May 2nd, June 4th, July 2nd, July 15th, July 31st, and September 4th), during which

non-party T-Mobile USA, Inc. appeared and participated, the Parties were able to agree on the disputed aspects of the Settlement and obtain the Class list from T-Mobile USA, Inc.

G. After resolving these issues, the Parties negotiated, again with the help of Magistrate Judge Kim, Class Counsel's attorneys' fees and an incentive award for named Plaintiff Jack Haught.

H. Defendant believes that the claims asserted in the Action do not have merit. Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or attempted to commit, any wrongful act or violation of any law or duty. Defendant has denied and continues to deny any and all liability or damages to any and all individuals with respect to any and all claims or allegations asserted in the Action. Defendant has contended and continues to contend that it has acted properly in all regards with respect to the marketing and operation of the CLIQ XT mobile operating system and equipment and all other matters asserted in the Action. Nonetheless, without admitting or conceding any wrongdoing, liability, or damages whatsoever and without admitting or conceding the appropriateness of class treatment for the claims asserted in the Action or any future complaint, Defendant has agreed to settle on the terms and conditions set forth in this Settlement Agreement to avoid the burden and expense of litigation.

I. Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Defendant through trial and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally

-3-

compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Settlement Agreement.

J.     The Parties agree that the Action was resolved in good faith, following extensive arm's length bargaining aided by a highly experienced Magistrate Judge, and that the Settlement reflected herein confers substantial benefits upon the Parties.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Defendant that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties and Settlement Class from the Settlement set forth herein, the Action and the Released Claims shall be forever, finally, and fully compromised, settled, and released and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Settlement Agreement.

## AGREEMENT

1.     **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Action"** means the case captioned *Haught v. Motorola Mobility, Inc.* (Case No. 1:12-cv-02515), currently pending before the Honorable Virginia M. Kendall, in the United States District Court for the Northern District of Illinois, Eastern Division, and any amendments thereto.

1.2    **"Agreement"** means this Class Action Settlement Agreement (including all exhibits hereto).

1.3    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is: (a) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) signed under penalty of perjury by the Settlement Class Member, physically or electronically; (c) approved for payment by the Settlement Administrator; and (d) not challenged by Defendant, or any such challenge is withdrawn or resolved in favor of the Settlement Class Member.

1.4    **"California Action"** means the action captioned *Elyse Wood and Jack Haught v. Motorola Mobility, Inc.* (Case No. 4:11-cv-04409) that Jack Haught filed (on behalf of himself and all Settlement Class Members) in the United States District Court for the Northern District of California on October 6, 2011, and dismissed (on behalf of himself and all Settlement Class Members) on April 4, 2012.

1.5    **"Claim Form"** means the document in the form attached as Exhibit A, as approved by the Court. The Claim Form shall require Claimants to provide the following information: their basic contact information (name and mailing address); the cellular telephone number associated with their CLIQ XT; and a certification, under oath, that the Claimant purchased the CLIQ XT based on the belief that the Android operating system would be upgraded and that, because it was not upgraded, the Claimant has been unable to use the phone as intended. The Claim Form, to be completed by Settlement Class Members who wish to receive a Settlement Benefit under the Settlement Agreement, shall be available in electronic format and downloadable in printable format.

1.6 **"Claimant"** means a Settlement Class Member that submits a Claim Form for a Settlement Benefit.

1.7 **"Claims"** means any claims arising out of, referring to, or relating to Motorola's alleged representations concerning the operating system upgrade capabilities of the CLIQ XT and all claims that were brought or could have been brought based upon the facts alleged in the Action.

1.8 **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely, which shall be ninety (90) days after the Postcard Notice is first disseminated to the Settlement Class. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as prominently set forth in the Notice and Claim Form. In addition to being postmarked or submitted online prior to the Claims Deadline, all Claim Forms must be received by the Settlement Administrator within fifteen (15) days after the Claims Deadline in order to be eligible to receive a unique redemption code.

1.9 **"Class Counsel"** means Rafey S. Balabanian, Benjamin H. Richman, and Christopher L. Dore of Edelson PC.

1.10 **"Class Representative"** means the named Plaintiff in this Action, Jack Haught.

1.11 **"Court"** means the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Virginia M. Kendall presiding, or any judge who shall succeed her as the judge in the Action.

1.12 **"Defendant"** means Motorola Mobility, LLC (f/k/a Motorola Mobility, Inc.), a Delaware limited liability company, and any and all of its present or past predecessors, successors, assigns, parents, subsidiaries, or affiliates.

1.13 **"Defendant's Counsel"** means Mark L. Durbin of Barnes & Thornburg LLP.

1.14    **"Detailed Notice"** means the Notice in substantially the form attached as Exhibit B.

1.15    **"Effective Date"** means the date on which the Court enters a Final Order and Judgment that approves this Settlement Agreement (unless the Parties agree to further modification).

1.16    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.17    **"Final Effective Date"** means the date on which all appeals from, or all time periods to appeal from, the Final Order and Judgment have been exhausted (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand).

1.18    **"Final Fairness Hearing"** means the hearing before the Court where the Parties will request the Final Judgment and Order of Dismissal with Prejudice to be entered by the Court approving the Settlement, Fee Award, and Incentive Award to the Class Representative.

1.19    **"Final Judgment and Order of Dismissal with Prejudice"** means the Final Judgment and Order to be entered by the Court approving the Settlement after the Fairness Hearing, substantially in the form of Exhibit C and without material modifications by the Parties.

1.20    **"Motorola Online Store"** means Defendant's electronic retail facility located at the URL www.store.motorola.com.

1.21    **"Nationwide"** means the 50 states in the United States of America, its territories, and Washington, D.C.

1.22 **"Notice"** means the Notice of Pendency and Proposed Settlement of Class Action and Final Approval Hearing, which is to be disseminated to Settlement Class Members as generally set forth in this Settlement Agreement and in a form that is substantially similar to the forms attached as Exhibits B and D.

1.23 **"Notice Plan"** means the proposed plan of: (a) disseminating notice of the proposed Settlement and Final Fairness Hearing to members of the Settlement Class and (b) the Final Fairness Hearing to be carried out by the Settlement Administrator.

1.24 **"Opt-Out Period"** means the period for a Settlement Class Member to file a Request for Exclusion, which shall expire sixty (60) days following the date that the Postcard Notice is first disseminated to the Settlement Class, subject to Court approval. The deadline for filing a Request for Exclusion will be clearly set forth in the Notice.

1.25 **"Parties"** or **"Settling Parties"** means named Plaintiff Jack Haught, on behalf of himself and all nationwide Settlement Class Members as defined herein, and Defendant Motorola Mobility, LLC (f/k/a Motorola Mobility, Inc.).

1.26 **"Person"** shall mean any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.27 **"Postcard Notice"** means the Notice in substantially the form attached as Exhibit D.

1.28 **"Preliminary Approval"** means the Court's: (a) certification of the Settlement Class for settlement purposes only, (b) preliminary approval of the Settlement, and (c) approval of the Notice Plan.

1.29 **"Preliminary Approval Order"** means the proposed order that preliminarily approves the Settlement and directs Notice thereof to the Settlement Class in a manner that is substantially similar to the form attached as Exhibit E.

1.30 **"Released Claims"** means any and all claims, liens, demands, actions, causes of action, obligations, damages, or liabilities of any nature whatsoever (including "Unknown Claims" as defined herein), whether legal, equitable, or otherwise, that were, or could have been, asserted in the Action or the California Action based upon: (a) the facts alleged in the Action, (b) any violation of any state or federal statutory or common law or regulation, and (c) any claim arising directly or indirectly out of, or in any way relating to, the claims that were, or could have been, asserted in the Action or the California Action.

1.31 **"Released Parties"** means Defendant, and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns, and Persons, firms, trusts, corporations, officers, directors, other individuals, or entities in which Defendant has a controlling interest or which are related to or affiliated with Defendant or any other representatives of any of these Persons and entities.

1.32 **"Releasing Parties"** means Plaintiff, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

1.33 **"Request for Exclusion"** is the written communication by or on behalf of a member of the Settlement Class in which she, he, or it requests to be excluded from the Settlement Class.

1.34 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in disseminating Notice to and processing claims by the Settlement Class and all other expenses incurred by the Settlement Administrator in administering the Settlement and performing the services that the Settlement Administrator is obligated to perform under this Settlement Agreement related to administration of the Settlement. The Defendant shall pay all Settlement Administration Expenses.

1.35 **"Settlement Administrator"** means, subject to approval of the Court, Epiq Class Action & Claims Solutions, Inc.

1.36 **"Settlement Agreement"** means this Class Action Settlement Agreement (including all exhibits hereto).

1.37 **"Settlement Benefit"** means the benefit a Settlement Class Member may receive pursuant to this Settlement Agreement.

1.38 **"Settlement Class"** means: All Persons and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011. The Settlement Class excludes: (a) Defendant and any respective parent, subsidiary, affiliate, or control person of the Defendant,

(b) the Settlement Administrator, (c) all Persons whose claims against Defendant have been fully and finally adjudicated and/or released, and (d) the immediate family members of any such Person(s).

1.39    **"Settlement Class Member"** or **"Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid Request for Exclusion in accordance with the terms of this Settlement Agreement.

1.40    **"Settlement Website"** means a website established and administered by the Settlement Administrator within twenty-one (21) days following the entry of the Preliminary Approval Order, which shall include the ability to file Claim Forms online (provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect). The Notice on the Website shall be substantially similar to the form attached as Exhibit B. The website URL shall be www.CliqXTSettlement.com.

1.41    **"Unknown Claims"** means Claims that: (a) could have been raised in the Action or the California Action or (b) the Plaintiff or any or all other Persons and entities whose Claims are being released, or any of them, do not know or suspect to exist, which, if known by her, him, or it, might affect her, his, or its agreement to release the Released Parties or the Released Claims or might affect her, his, or its decision to agree, object, or not object to the Settlement. Upon the Effective Date, Plaintiff and all other Persons and entities whose Claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiff and all other Persons and entities whose Claims are being released shall also be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by: (a) any law of any state or territory of the United States, (b) principle of common law, or (c) the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Named plaintiff Jack Haught, on behalf of himself and all Settlement Class Members as defined herein, acknowledges that he may discover facts in addition to or different from those that he now knows or believes to be true with respect to the subject matter of this release, but that he intends to settle and release the Released Claims finally and forever, notwithstanding any Unknown Claims he or Settlement Class Members may have, as defined in this paragraph.

2.      **SETTLEMENT RELIEF**

2.1     **Payments to Settlement Class Members**

Settlement Class Members shall have until the Claims Deadline to submit a Claim Form. Each Settlement Class Member who submits an Approved Claim Form shall be entitled to receive a unique redemption code worth $25 for use at the Motorola Online Store. Within thirty (30) days of and only after the Effective Date, the Settlement Administrator shall distribute the redemption codes. Each redemption code will expire one hundred and twenty (120) days after issuance and will be fully transferable.

2.2     **Injunctive Relief**

(a)     To the extent Motorola Mobility, LLC decides to use an upgrade web page, Motorola Mobility, LLC will include the following disclaimer in a clear and conspicuous manner on Motorola Mobility, LLC's Android Software Dedicated Upgrade Web Page, which

currently appears at https://motorola-global-portal.custhelp.com/app/software-upgrade-news/g_id/1949 (the "Upgrade Page"), within forty-five (45) days after Preliminary Approval of this Settlement Agreement:

> **Disclaimer:** *The information contained herein is provided for information purposes only and is intended only to describe Motorola Mobility's current plans regarding potential upgrades or updates to the operating systems on its Android-powered devices and is, therefore, subject to change. The information communicated is not a commitment or an obligation to deliver any product, product feature, software upgrade, or functionality and Motorola Mobility reserves the right to change the content and timing of any product, product feature, or software release. The software functionality and features provided by a specific version of the Android operating system may vary by device and manufacturer.*

To the extent Motorola Mobility, LLC decides to use an Upgrade Page, Motorola Mobility, LLC will include the disclaimer on its Upgrade Page for eighteen (18) months following the Preliminary Approval of this Agreement. Notwithstanding, Motorola Mobility, LLC may, at its sole discretion, discontinue the use of this or any other Upgrade Page at any time.

(b) Once the upgrade process begins for a particular device—*i.e.*, upon the commencement of an upgrade to consumers' devices—Motorola Mobility, LLC may remove the disclaimer language from the Upgrade Page for that particular device and upgrade.

(c) Motorola Mobility, LLC may revise the disclaimer language from time to time at Motorola Mobility, LLC's sole discretion, so long as the language is consistent with Motorola Mobility, LLC's obligations under this Settlement Agreement.

(d) Motorola Mobility, LLC shall also include a hyperlink to the Upgrade Page in any official press release issued solely by Motorola Mobility, LLC, wherein the primary purpose of such press release is to announce the public availability of an upgrade to the Android operating system on a Motorola Mobility, LLC device.

(e)     Nothing in this Settlement Agreement obligates Motorola Mobility, LLC to continue using an Upgrade Page for any period of time.  Motorola Mobility, LLC may discontinue the use of an Upgrade Page at any time at its sole discretion.

3.     **RELEASES**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims that the Releasing Parties have, had, or may have against the Released Parties.

3.2     Upon the Effective Date, the Releasing Parties shall be deemed to have and, by operation of the Final Judgment and Order of Dismissal with Prejudice, shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties from any and all Released Claims.

3.3     Each and every term of the Release set forth herein shall be binding upon the Releasing Parties and any of their respective successors and personal representatives, and inure to the benefit of the Released Parties and any of their respective successors and personal representatives, which Persons and entities are intended to be beneficiaries of these releases.

4.     **NOTICE TO THE CLASS**

4.1     Within forty-five (45) days after entry of the Preliminary Approval Order, the Settlement Administrator shall commence dissemination of the Notice describing the Final Approval Hearing and the terms of the Settlement embodied in this Settlement Agreement to members of the Settlement Class, as provided herein.  Such Notice shall comport with due process and be effectuated pursuant to the Notice Plan.

4.2     <u>Direct Notice by Mail</u>.  Within twenty-one (21) days after entry of the Preliminary Approval Order, the Parties will provide to the Settlement Administrator a list

containing the last known physical addresses (to the extent such addresses are within the Parties' possession) for the potential members of the Settlement Class. Within thirty (30) days after receiving the mailing list from the Parties, the Settlement Administrator shall disseminate the Postcard Notice of the Settlement to the members of the Settlement Class via a mailed postcard. The Postcard Notice shall be substantially similar to the form attached as Exhibit D.

4.3    Internet Publication Notice.  Within fifteen (15) business days after Preliminary Approval of the Settlement Agreement, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet.  Notice shall be provided on a website to be established and administered by the Settlement Administrator that shall include the ability to file Claim Forms online (provided that such forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect).  The Internet Publication Notice shall be substantially similar to the form attached as Exhibit B.  The website shall contain Plaintiff's Complaint, Defendant's Answer, the Postcard Notice, the Detailed Notice, this Settlement Agreement, the Preliminary Approval Order, the Claim Form (including a downloadable and printable version), and information on how to contact the Settlement Administrator and Class Counsel.  The website shall remain in place until all claims for Settlement Benefits have been processed.  The URL for the Settlement Website shall be www.CliqXTSettlement.com.

4.4    Contents of the Detailed Notice.  The Detailed Notice shall, inter alia:  (a) specify the deadline for members of the Settlement Class to opt out of, object to, or otherwise comment upon the Settlement by day, month, and year, and state that any objection to this Settlement Agreement (and any papers submitted in support of said objection) will be considered by the Court at the Final Fairness Hearing only if, on or before the deadline to opt-out of, object to, or otherwise comment upon the Settlement, the Person making the objection:

-15-

(i) files a Notice of Intention to Appear and Object, (ii) files copies of such papers that she, he, or it proposes to submit for consideration at the Final Fairness Hearing with the Clerk of the Court, and (iii) delivers copies of the same by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel; (b) provide instructions with respect to how to submit a Claim Form; (c) specify the deadline for Settlement Class Members to submit Claim Forms; and (d) specify the date, time, and location of the Final Fairness Hearing. A copy of the proposed Detailed Notice is attached as Exhibit B.

4.5     Defendant shall pay the costs associated with the Notice Plan including, but not limited to, establishing and maintaining the Settlement Website and disseminating Notice by U.S. Mail.

5.     **OPT-OUT AND OBJECTIONS**

5.1     <u>Right to Exclusion.</u>  Any Settlement Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period, which shall expire sixty (60) days following the date that the Postcard Notice is first disseminated to the members of the Settlement Class.  To be valid, any Request for Exclusion must be in writing; identify the case name *Haught v. Motorola Mobility, Inc.*, No. 12-cv-2515 (N.D. Ill.); state the name, address, and telephone of the member(s) of the Settlement Class seeking exclusion; identify the telephone number that the Settlement Class Member believes was associated with the CLIQ XT purchased by the Settlement Class Member; be physically signed by the Person seeking exclusion; and must be postmarked or received by the Settlement Administrator on or prior to the end of the Opt-Out Period. Each Request for Exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Haught v. Motorola Mobility*." Any Person who elects to opt out of the Settlement Class shall not:  (a) be

-16-

bound by any orders or Final Judgment and Order of Dismissal with Prejudice entered in this

Action, (b) be entitled to relief under this Settlement Agreement, (c) gain any rights by virtue of

this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement

Agreement. No Person may opt out of the Settlement Class through "mass" or "class" opt-outs.

Notwithstanding anything else contained in this Settlement Agreement, if more than two

hundred (200) valid Requests for Exclusion are submitted, then Defendant may, at any time

prior to the Final Fairness Hearing and at its sole discretion, notify Class Counsel of

Defendant's decision to terminate this Settlement Agreement.  In that event, this Settlement

Agreement shall become null and void, the Action may continue as if the Settlement had not

occurred, and pursuant to Section 10 hereof, any order conditionally certifying or approving

certification of a Settlement Class shall be vacated.

     5.2    <u>Right to Object or Comment</u>.  Any Settlement Class Member may comment in

support of, or in opposition to, the Settlement and may do so in writing, in person, or through

counsel, at her, his, or its own expense, at the Final Fairness Hearing.  Except as the Court may

otherwise order, no Settlement Class Member objecting to the Settlement shall be heard and no

papers, briefs, pleadings, or other documents submitted by any such Settlement Class Member

shall be received and considered by the Court unless such Settlement Class Member shall file

with the Court and mail to Class Counsel and Defendant's Counsel a written objection with the

caption *Haught v. Motorola Mobility, Inc.*, No. 12-cv-2515 (N.D. Ill.), that includes:  (a) the

Settlement Class Member's full name and current address, (b) the telephone number that the

Settlement Class Member believes was associated with the CLIQ XT purchased by the

Settlement Class Member, (c) a signed declaration that she, he, or it believes herself, himself, or

itself to be a member of the Settlement Class, (d) the specific grounds for the objection, (e) all

documents or writings that the Settlement Class Member desires the Court to consider, and (f) a notice of intent to appear (if any). All written objections must be filed and postmarked no later than sixty (60) days following the date that the Postcard Notice is first disseminated to the Settlement Class. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived her, his, or its objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

6.     **SETTLEMENT ADMINISTRATION**

6.1     The Settlement Administrator shall administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. Class Counsel and Defendant's Counsel may monitor the administration of the claims process including, without limitation, any issues or problems in the administration of the Claim Forms or Settlement.

6.2     The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement on a regular basis. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Receive Requests for Exclusion from Settlement Class Members and provide to Class Counsel and Defendant's Counsel copies thereof within ten (10) days after the

deadline for submission of such requests. If the Settlement Administrator receives any Requests for Exclusion from Settlement Class Members after the deadline for the submission of such requests, the Settlement Administrator shall promptly provide copies to Class Counsel and Defendant's Counsel.

     (b)    Provide weekly reports to Class Counsel and Defendant's Counsel including, without limitation, reports regarding the number of Claim Forms received and, after the Final Effective Date, the: (i) number of Claim Forms that the Settlement Administrator has approved and (ii) categorization and description of Claim Forms that the Settlement Administrator has rejected, in whole or in part.

     (c)    Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms and supporting documents received by the Settlement Administrator, at any time upon reasonable notice.

     6.3    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud and reject any Claim Form (or any part of a claim for a payment reflected therein) where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse. Counsel for the Parties shall be informed of any claim disputes, including fraud issues, and if the Parties cannot resolve a dispute regarding approval of a Claim Form informally, they shall have the right to present such dispute to the Court for review and determination. Claims shall be approved or rejected within twenty-one (21) days after the Final Effective Date.

     6.4    As allowed by the schedule of the Court, the Final Fairness Hearing shall not be earlier than ninety (90) days from the date Notice is sent to all state attorneys general and the

Attorney General of the United States pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

6.5     Any Claim Form submitted after the Claims Deadline shall be void.

6.6     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Settlement, submit a valid Request for Exclusion from the Settlement Class or timely file a Claim Form will not be entitled to receive any Settlement Benefits pursuant to this Settlement Agreement, but will otherwise be bound together with all Class Members by all of the terms of this Settlement Agreement, including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Action and the Releases provided for in the Settlement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

7.1     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement together with its Exhibits to the Court and shall move the Court (without the opposition of Defendant) for Preliminary Approval of the Settlement set forth in this Settlement Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel to represent the Settlement Class and Class Representative, and entry of a Preliminary Approval Order, which shall set a Final Fairness Hearing date and approve the Notice and Claim Form for dissemination to the Settlement Class in accordance with the Notice Plan, substantially similar to the forms of the attached Exhibits.

7.2     At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendant's Counsel shall request that, after Notice is

given, the Court hold a Final Fairness Hearing and approve the Settlement of the Action as set forth herein.

7.3     After Notice is given, the Parties shall request and, at the Court's leave, obtain from the Court a Final Judgment and Order of Dismissal with Prejudice, substantially similar to the form of Exhibit C, granting final approval of this Settlement and holding this Settlement Agreement and the proposed Settlement to be fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided above, ordering the releases set forth herein, and entering judgment in the Action.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD

8.1     The Fee Award.  Defendant will not object to or otherwise challenge, directly or indirectly, a Fee Award to Class Counsel, subject to Court approval, of up to three hundred and fifty thousand dollars ($350,000), which shall include all attorneys' fees and reimbursement of expenses associated with the Action and any related action.  Class Counsel has, in turn, agreed to seek no more than this amount from the Court as attorneys' fees and reimbursement of expenses.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee Award to Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.  The Court's Order approving the payment of a Fee Award to Class Counsel shall be substantially in the form attached as Exhibit C to this Settlement Agreement.  Defendant agrees that such amount was reached following arm's-length negotiations, with the help of a magistrate judge, and only after class relief was agreed upon.

8.2     Payment of the Fee Award.  Within thirty (30) days after the Final Effective Date, and subject to Section 8.1 of this Settlement Agreement, Defendant shall pay to Class

-21-

Counsel any Fee Award approved by the Court via wire transfer to an account designated by Class Counsel.

8.3     Incentive Award.  In addition to any award to which he may be entitled to under the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Class Representative, Jack Haught, shall, subject to the approval of the Court, be awarded an incentive award of $2,000.  Defendant agrees that it will not oppose such award, directly or indirectly, and Plaintiff shall not seek a higher award.  This sum shall be paid in recognition of the named Plaintiff's time and effort serving as the Class Representative in this litigation.

8.4     Payment of Incentive Award.  Within thirty (30) days after the Final Effective Date, Defendant shall pay to Class Counsel, for distribution to the Class Representative, any Incentive Award approved by the Court via wire transfer to an account designated by Class Counsel.

9.     **NO FURTHER MONETARY OBLIGATION**

9.1     Complete Monetary Obligation.  The Parties agree and acknowledge that the payments described herein represent Defendant's complete financial obligation under this Settlement Agreement relating to the Settlement and compromise of all Released Claims.

9.2     No Further Monetary Obligations.  Except for the payments described herein, the Parties further agree and acknowledge that Defendant shall have no further monetary obligations whatsoever including, but not limited to, any monetary obligations and/or taxes with respect to the named Plaintiff, the Class Members who do not opt out, Class Counsel, the Settlement Administrator, or any other Person or entity connected to the Action, California Action, or this Settlement Agreement.

9.3 <u>Complete Compensation</u>.  Except for the payments described herein, Defendant shall have no additional liability for any incentive awards, expenses, or costs with respect to the named Plaintiff, Class Members, or Class Counsel.

9.4 <u>Post-Agreement Expenses</u>.  Except for the payments described herein, the expenses and costs incurred subsequent to the date of this Settlement Agreement by the named Plaintiff, Class Members, or Class Counsel shall not be paid by Defendant.

## 10. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

10.1 This Settlement Agreement was entered into only for purposes of Settlement.  In the event that Preliminary or Final Approval of this Settlement Agreement:  (a) does not occur, for any reason, (b) is overturned on appeal, or (c) does not become final for any other reason, both the Class Representative and Defendant, or either one of them, may terminate the Settlement Agreement with written Notice to the other Party.  If, after Preliminary or Final Approval does not occur for any reason, any Party elects to terminate this Settlement Agreement: (a) this Settlement Agreement shall be null and void and of no force and effect, (b) nothing herein shall be deemed to prejudice the position of any of the Parties with respect to the Action or otherwise, and (c) no term or condition of this Settlement Agreement (or any draft thereof) or discussion, negotiation, document, or other part or aspect of the Parties' Settlement discussions shall be used, have any effect, or be admissible in evidence for any purpose in the Action or any other proceeding.

10.2 If this Settlement Agreement is terminated or fails to become effective for any of the reasons set forth in Section 10 of this Settlement Agreement or otherwise, any order conditionally certifying a Settlement Class and all of its provisions shall be vacated and the

Action shall revert to its status with respect to class certification and as it otherwise existed prior to the date of this Settlement Agreement.

11.    **MISCELLANEOUS PROVISIONS**

11.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Settlement Agreement and exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment and Order of Dismissal with Prejudice, and promptly agree upon and execute other documents as may reasonably be required to obtain final approval of the Settlement.

11.2    The time periods and/or dates described in this Settlement Agreement with respect to giving Notices and setting hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without further Notice to Settlement Class Members.

11.3    Whether or not the Final Effective Date occurs or this Settlement Agreement is terminated, neither this Settlement Agreement, the Settlement contained herein, nor any act performed or document executed pursuant to, or in furtherance of, this Settlement Agreement or the Settlement:

(a)     is, may be deemed, or shall be used, offered, or received against the Released Parties as an admission, concession, or evidence of the validity of any Released Claims; the truth of any fact alleged by the Plaintiff; the deficiency of any defense that was or

could have been asserted in the Action; or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b)    is, may be deemed, or shall be used, offered, or received against Defendant as an admission, concession, or evidence of any wrongdoing, liability, or fault; false or misleading statement; or omission with respect to any statement or written document approved or made by the Released Parties;

(c)    is, may be deemed, or shall be used, offered, or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession, or evidence of the infirmity or strength of any claims raised in the Action; the truth or falsity of any fact alleged by Defendant; or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is, may be deemed, or shall be used, offered, or received against the Released Parties, as an admission, concession, or evidence with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Settlement Agreement, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. If this Settlement Agreement is approved by the Court, any Party may file this Settlement Agreement and/or the Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)     is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than the amount that could have or would have been recovered after trial; and

(f)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

11.4    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

11.5    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other, prior, or subsequent breaches of this Settlement Agreement.

11.6    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and fully incorporated herein.

11.7    This Settlement Agreement and its Exhibits set forth the entire agreement and understandings of the Parties with respect to the matters set forth herein and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to such matters.

11.8    No statements, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the statements, warranties, and covenants contained and memorialized in such documents.

11.9    This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their respective successors-in-interest.

11.10   Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

11.11   Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that he is fully entitled to release the same.

11.12   This Settlement Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent via e-mail shall be treated as original signatures and shall be binding.

11.13   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and Released Parties.

11.14   The Court shall retain jurisdiction with respect to implementing and enforcing the terms of this Settlement Agreement and all Parties submit to the jurisdiction of the Court for the purposes of implementing and enforcing the Settlement as embodied in this Settlement Agreement.

11.15   This Settlement Agreement shall be interpreted in accordance with the laws of the State of Illinois.

11.16  This Settlement Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part of, or on behalf of, any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Settlement Agreement and have relied on the advice and representation of legal counsel of their own choosing.  Each Party has cooperated in drafting and preparing this Settlement Agreement and been advised by counsel regarding the terms, effects, and consequences of this Settlement Agreement.  Accordingly, in any construction to be made of this Settlement Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties.

11.17  The Parties recognize that this Settlement Agreement will require the exchange of individual data and/or personal information.  The Parties agree to take the appropriate steps to maintain the confidentiality of all such information in accordance with any and all protective orders and/or confidentiality orders entered in the Action.

11.18  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Benjamin H. Richman, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; and Mark L. Durbin, Barnes & Thornburg LLP, One North Wacker Drive, Suite 4400, Chicago, Illinois 60606.

**THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK.**

**SIGNATURE PAGE FOLLOWS.**

DATED: May 7, 2014

By: _____
MARK L. DURBIN

Barnes & Thornburg LLP (Attorney for
Defendant Motorola Mobility, LLC)

DATED: May   , 2014

By: _____
BENJAMIN H. RICHMAN

Edelson PC (Attorney for Plaintiff and the
Class)

# Exhibit A

# CLAIM FORM

### *Haught v. Motorola Mobility, Inc.*, Case No. 1:12-cv-02515 (N.D. Ill.)

**NOTE: If you are a Settlement Class Member and believe that you are entitled to a Settlement Benefit, you must complete this Claim Form pursuant to the terms of the Settlement Agreement. You are only a Settlement Class Member if you purchased a Motorola CLIQ XT prior to February 2, 2011.**

**Instructions for completing this form are found below**. Please fill out the information below completely. If the information you provide is insufficient to determine whether you are a Settlement Class Member, your claim may be rejected. **For your claim to be considered valid, you must provide the information requested below, including your signature (or electronic verification). Your claim form must be postmarked or completed online on or before [date].** If your claim is valid and timely you may recover a unique redemption code worth $25 at the Motorola Online Store (www.store.motorola.com). This process takes time. Please be patient.

Name: _____

Address: _____

E-mail Address: _____
                 **The redemption code will be sent to you at this e-mail address. If you want the redemption code mailed to the address above,** *and not e-mailed***, please check this box:** ☐

Cellular Telephone Number Associated with your CLIQ XT: _____

## PRODUCT PURCHASE INFORMATION:

1.      I, _____, submit this declaration.
               (Your Name)

2.      Did you purchase a Motorola CLIQ XT mobile phone prior to February 2, 2011?
      ☐ Yes
      ☐ No

3.      Did you purchase a Motorola CLIQ XT mobile phone based on your understanding that the Android Operating System on the phone would be upgraded?
      ☐ Yes
      ☐ No

4.      Were you unable to use the Motorola CLIQ XT as you intended because Motorola did not upgrade the Android Operating System on your CLIQ XT?
      ☐ Yes
      ☐ No

I declare under penalty of perjury under the laws of the United States that all of the above information I have provided is true and correct.

Dated: _____, 20____.      _____
                                               **(Signature)**

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. FILE ONLINE AT: www.CliqXTSettlement.com OR MAIL THIS CLAIM FORM TO:** CliqXT Settlement, PO Box 3058, Portland, OR 97208-3058. **If you have questions, you may call the Settlement Administrator at [toll-free #] or Class Counsel at [toll-free #].**

# Exhibit B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### *Haught v. Motorola Mobility, Inc.*
### Case No. 1:12-cv-02515
#### (U.S. District Court for the Northern District of Illinois)

## If you purchased a Motorola CLIQ XT mobile phone prior to February 2, 2011, you may be part of a class action settlement and entitled to receive a benefit under the settlement.

IMPORTANT:
PLEASE READ THIS NOTICE CAREFULLY.
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT, OPT OUT, COMMENT ON, OR OBJECT TO THE SETTLEMENT.

### www.CliqXTSettlement.com

(*A federal court authorized this Notice. This is not a solicitation from a lawyer.*)

A proposed settlement (the "Settlement") has been reached in this case against the Defendant, Motorola Mobility, LLC ("Motorola"). The Settlement Class is defined as: All individuals and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

If you are a Member of the Settlement Class and purchased the CLIQ XT based on your understanding that the CLIQ XT's Android Operating System would be upgraded, you can receive a unique **redemption code worth $25 for use at the Motorola Online Store**. If you are a Settlement Class Member and the Court gives final approval to the Settlement, you will be giving up the right to bring certain legal claims in the future, as discussed more fully below.

**Your legal rights are affected whether or not you act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE BY [DATE]** | If you are a Settlement Class Member and would like to receive a $25 redemption code, you must submit a Claim Form, either through the mail or by clicking >>here<<. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | Receive no Settlement Benefit. This is the only option that allows you to pursue claims alleged in the Action against the Defendant by filing your own lawsuit at your own expense. |
| **COMMENT BY [DATE]** | Write to the Court about why you do or do not like the Settlement. You must remain in the Settlement Class to comment in support of |

| | or in opposition to the Settlement. |
|---|---|
| **ATTEND A HEARING ON [DATE]** | Ask to speak to the Court about the fairness of the Settlement. <br><br> (*The date and time of the Final Fairness Hearing are subject to change by Court Order. See Section 10 below.*) |
| **DO NOTHING** | If you do nothing, you will not receive any benefits under the Settlement, including any unique redemption code. You will, however, still be giving up legal claims against Defendant and other related entities. |

These rights and options, and the deadlines to exercise them, are explained in this Notice. The Court overseeing this case still has to decide whether to approve the Settlement. The Settlement Benefits will be provided if the Court approves the Settlement and after any appeals are resolved.

## 1. WHAT IS THIS NOTICE AND WHY SHOULD I READ IT?

This Notice intends to inform you of the Settlement of a class action lawsuit in the case captioned *Haught v. Motorola Mobility, Inc.*, Case No. 1:12-cv-02515 (the "Action"), brought on behalf of the Settlement Class and pending in the United States District Court for the Northern District of Illinois. You need not live in Illinois to get a benefit under the settlement, but you must live in the United States. The Court has granted preliminary approval of the Settlement and has set a Final Fairness Hearing to take place on [date] at [time] at the United States Courthouse, Everett McKinley Dirksen, located at 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 2378, to determine if the Settlement is fair, reasonable, and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Class Representative. This Notice describes the Settlement. Please read this Notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this Notice and in the Settlement Agreement. Your legal rights are affected regardless of whether you act.

## 2. WHAT IS A CLASS ACTION LAWSUIT AND WHAT IS THIS LAWSUIT ABOUT?

A class action is a lawsuit in which one or more plaintiffs—in this case, Plaintiff Jack Haught ("Plaintiff")—sue on behalf of themselves and other people who allegedly have similar claims. Here, Plaintiff filed a class action complaint against Defendant Motorola in the Northern District of Illinois on behalf of people who purchased the Motorola CLIQ XT, alleging that Motorola represented to consumers that it would upgrade the operating system of the CLIQ XT, but ultimately failed to do so. A more complete description of the allegations is set forth in the Complaint and Settlement Agreement, both of which can be accessed by clicking >>here<<.

Although Motorola denies Plaintiff's claims of wrongdoing, the Parties have agreed to settle all claims against Motorola by entering into a written Settlement Agreement (the "Settlement

Agreement"). The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (*i.e.*, the Settlement Class Members) are described further in Section 4 below.

The Settlement Agreement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court has ordered this Notice to be disseminated to the Settlement Class and is required to hold a Final Fairness Hearing to determine whether final approval may be granted to the Settlement, before it can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes, so that Settlement Class Members can be given this Notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to the Settlement, or submit a Claim Form to get the benefits offered by the Settlement. If the Settlement is not granted final approval by the Court or the Parties terminate the Settlement, it will be void, and the lawsuit will continue as if there had been no Settlement and no conditional certification of the Settlement Class.

### 3. WHY IS THERE A SETTLEMENT?

The Court has not decided in favor of either side in this case. Motorola denies all allegations of wrongdoing or liability against it and asserts that its conduct was lawful. Motorola is settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiff and his attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

### 4. WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement Class includes all individuals and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

### 5. WHAT DOES THE SETTLEMENT PROVIDE?

#### A. Settlement Benefits to Individual Class Members

    i.    **Unique Redemption Codes.** Motorola has agreed to provide a unique redemption code worth twenty-five dollars ($25) for the Motorola Online Store (www.store.motorola.com) to each Settlement Class Member who submits an Approved Claim Form in accordance with the procedure below. The redemption code is fully transferable, which means you can give it away or sell it to another person. If you file an Approved Claim Form, the redemption code will be sent to the e-mail address provided on the form. If you want the redemption code to be mailed, you must select that option on the Claim Form.

     **ii.**    **Process.**    To be eligible to receive a redemption code under the Settlement, a Settlement Class Member must affirm in the <u>Claim Form</u> that: (a) she, he, or it purchased one or more of the Motorola CLIQ XT mobile phones, (b) she, he, or it purchased the CLIQ XT based on the understanding and belief that the Android Operating System would be upgraded, and (c) because the Operating System was not upgraded, she, he, or it was unable to use the phone as intended.

You can download a <u>Claim Form</u> by clicking <<here>> and following the instructions for how to submit it as provided on the form. You can also obtain a <u>Claim Form</u> by writing to the Settlement Administrator at CliqXT Settlement, PO Box 3058, Portland, OR 97208-3058 or calling toll-free [phone number]. Your <u>Claim Form</u> must be postmarked or electronically submitted by [date].

    **B.**    **Prospective Relief.**    As part of the Settlement, Motorola has agreed that, to the extent it decides to use an Upgrade Page, it will include a disclaimer in a clear and conspicuous manner on Motorola's Android Software Dedicated Upgrade Web Page that will indicate that any statements made on the Upgrade Page about Motorola's ability or timing to upgrade the Android operating system on any Motorola product reflect only Motorola's intent regarding any upgrade and do not constitute a guarantee, commitment, or obligation to upgrade any device. To the extent Motorola decides to use an Upgrade Page, Motorola will include this disclaimer for no less than eighteen (18) months following the Court's preliminary approval of the Settlement Agreement. More details on the Prospective Relief provided by this Settlement can be found in the <u>Settlement Agreement</u>.

| |
|---|
| **6.**   **WHO REPRESENTS THE SETTLEMENT CLASS?** |

    **A.**    **Class Representative.**    For purposes of the Settlement, the Court has appointed Plaintiff Jack Haught to serve as the Class Representative.

    **B.**    **Settlement Class Counsel.**    The Court has appointed Rafey S. Balabanian, Benjamin H. Richman, and Christopher L. Dore of Edelson PC as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in April 2012 to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and actual expenses (including their court costs) in a total amount not to exceed $350,000. Defendant has agreed not to oppose Class Counsel's application for an award of attorneys' fees and reimbursable expenses up to that amount. If the Court approves the attorneys' fee application, the award will be paid by Motorola. The Settlement Class Members will not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## 7. HOW CAN I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?

You can get out of the Settlement Class by "excluding" yourself. If you exclude yourself, you won't be able to submit a <u>Claim Form</u>, and you won't be allowed to claim any of the Settlement Benefits offered by the Settlement, including the unique redemption code. If you exclude yourself from the Settlement Class, you can pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class in *Haught v. Motorola Mobility, Inc.*, Case No. 1:12-cv-02515. Your Request for Exclusion must include your name, address, and telephone number, and be physically signed with a statement to the effect that: "I hereby request to be excluded from the proposed Settlement Class in *Haught v. Motorola Mobility, Inc.*" **Your Request for Exclusion must be postmarked no later than [date], and sent to the Settlement Administrator at the following address:** CliqXT Settlement, PO Box 3058, Portland, OR 97208-3058**.**

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not received on time, will not be valid and the person asking to be excluded will be considered a member of the Settlement Class and be bound as a Settlement Class Member.

**If you elect to exclude yourself, you will (a) not have any rights as a member of the Settlement Class pursuant to the Agreement, (b) not be able to receive any Settlement Benefit as provided in the Agreement, (c) not be bound by any further orders or judgments in this case, and (d) not be entitled to object to any aspect of the Settlement. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under the Settlement, or no benefit at all.**

## 8. HOW CAN I TELL THE COURT WHAT I THINK ABOUT THE SETTLEMENT?

**If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of, or in opposition to, the Settlement and have the right to appear before the Court to do so.** Your objection to or comment upon the Settlement must be submitted in writing by [date] and **must be sent to the Court and the attorneys for the Parties at the addresses below:**

| Clerk of the Court | Settlement Class Counsel | Defendant's Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. Dist. Ct. N.D. Ill.<br>219 South Dearborn Street<br>Everett McKinley Dirksen<br>Chicago, Illinois 60604 | Rafey S. Balabanian<br>Benjamin H. Richman<br>Christopher L. Dore<br>EDELSON PC<br>350 N. LaSalle St., Suite 1300<br>Chicago, Illinois 60654 | Mark L. Durbin<br>BARNES & THORNBURG LLP<br>One North Wacker Drive<br>Suite 4400<br>Chicago, Illinois 60606 |

The objection or comment must be in writing and must include the case name *Haught v. Motorola Mobility, Inc.*, Case No. 1:12-cv-02515, and (a) the Settlement Class Member's full name and current address; (b) a signed declaration that she, he, or it believes herself, himself, or itself to be a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class Member desires the Court to consider; and (e) a notice of intention to appear at the Final Fairness Hearing (if any). The Court will consider all properly filed comments from Settlement Class Members.

If you do not submit a written comment on the Settlement or the application of Class Counsel for an incentive award and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described in this Notice, and you do not exclude yourself from the Settlement Class, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and, if the Settlement is granted final approval, to have released the Released Claims (defined in the Settlement Agreement).

## 9. WHAT IS THE EFFECT OF FINAL APPROVAL OF THE SETTLEMENT?

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment and dismiss the case. Claim Forms under the Settlement will then be processed and unique redemption codes worth $25 at the Motorola Online Store will be distributed to Settlement Class Members who submitted Approved Claims (defined in the Settlement Agreement). The release by Settlement Class Members will also take effect. All members of the Settlement Class will be deemed to have released, acquitted, and forever discharged Motorola and each Released Party from any and all Released Claims (as defined in the Settlement Agreement). Please refer to Section XX of the Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you think the Settlement is favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will not be permitted to continue to assert Released Claims in any other litigation against Motorola or any persons or entities covered by the Release. You can obtain a copy of the Settlement Agreement from the Clerk of the Court, by clicking <<here>>, or writing to the Settlement Administrator at CliqXT

Settlement, PO Box 3058, Portland, OR 97208-3058. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class (see No. 7, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes, that the Settlement Class will recover more than what is provided for under the Agreement, or will recover anything at all.

---

**10. WHEN AND WHERE WILL THE COURT HOLD A HEARING ON THE FAIRNESS OF THE SETTLEMENT?**

---

A Final Fairness Hearing has been set for [date] at [time], before The Honorable Virginia M. Kendall at the United States Courthouse for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, 60604, in Courtroom 2378. At the Final Fairness Hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses, and an incentive award to the Class Representative. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.

**Note:** The date and time of the Final Fairness Hearing are subject to change by Court Order without further notice to the Settlement Class.

---

**11. DO I HAVE TO COME TO THE FAIRNESS HEARING? MAY I SPEAK AT THE HEARING?**

---

You do not need to attend the Final Fairness Hearing to remain a Settlement Class Member or submit a Claim Form. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses, or an incentive award to Plaintiff as Class Representative, by following the instructions in No. 8 above.

---

**12. HOW DO I RECEIVE THE SETTLEMENT BENEFITS?**

---

If you do not exclude yourself from the Settlement Class and would like to receive the Settlement Benefits provided by the Settlement, you must submit a timely and valid Claim Form as set forth in No. 5 above. **Claim Forms must be submitted online or by mail postmarked by [date]**. You can submit an electronic Claim Form online by clicking <<here>> or obtain a copy of the Claim Form by downloading it <<here>>, writing to the Settlement Administrator at CliqXT Settlement, PO Box 3058, Portland, OR 97208-3058, or calling toll-free [phone number].

## 13. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will receive no Settlement Benefit (you will not receive a redemption code), but you will potentially benefit from the prospective relief secured under the Settlement. You will also still be part of the Settlement Class and subject to the Release described in Section XX of the <u>Settlement Agreement</u>. This means you will not be permitted to continue to assert Released Claims in any other case against Motorola or other persons and entities covered by the Release. Please refer to Section XX of the <u>Settlement Agreement</u> for a full description of the claims and persons who will be released upon final approval of the Settlement.

## 14. WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the <u>Settlement Agreement</u>. You can view the <u>Settlement Agreement</u> and get more information by clicking <<here>>. You can also get more information by writing to the Settlement Administrator at [address] or calling toll-free [number]. The <u>Settlement Agreement</u> and all other pleadings and papers filed in the case are also available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of Illinois, at the United States Courthouse, Everett McKinley Dirksen, 219 South Dearborn Street, Chicago, Illinois 60604.

If you would like additional information, you can also write to Class Counsel at the address listed in No. 8 above.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT.**

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACK HAUGHT, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:12-cv-02515 |
| v. | Honorable Virginia M. Kendall |
| MOTOROLA MOBILITY, INC., a Delaware corporation, | |
| Defendant. | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

The Court, having considered Plaintiff's Motion for Final Approval ("Motion for Final Approval") of the settlement (the "Settlement") of the above-captioned matter ("Action"), brought by Plaintiff Jack Haught ("Plaintiff") against Defendant Motorola Mobility, LLC (f/k/a Motorola Mobility, Inc.) ("Defendant"), pursuant to the Class Action Settlement Agreement dated [DATE] (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on [DATE], finds that:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      On [DATE], this Court preliminarily approved the Settlement and certified, for settlement purposes only, the Settlement Class consisting of:  All Persons and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

1

4.     Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct postcard notice and the creation of the Settlement Website, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action.

5.     The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of Magistrate Judge Young B. Kim and, thus, is supported by Plaintiff and Class Counsel.

6.     The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7.     The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

8.     The persons listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

9.      The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms.  The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

10.      The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):  All Persons and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

11.      The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of Plaintiff are typical of the claims of the Settlement Class; Plaintiff will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members.

12.      The preliminary appointment of the following attorneys as Class Counsel is hereby confirmed:

> Rafey S. Balabanian
> Benjamin H. Richman
> Christopher L. Dore
> Edelson PC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

13.      Class Counsel are experienced in class litigation, including litigation of similar claims, and have fairly and adequately represented the interests of the Settlement Class.

14.      The Action is hereby dismissed with prejudice and without costs.

15.     Notwithstanding, the Court shall retain jurisdiction for the sole and exclusive purpose of enforcing the terms of the Settlement Agreement.

16.     This judgment is entered without any admission by Defendant of any liability or as to the merits of any of the allegations in the Complaint.

17.     The Parties are directed to distribute the consideration to the Settlement Class pursuant to Paragraph 2.1 of the Settlement Agreement.

18.     The Releasing Parties release and forever discharge the Released Parties from the Released Claims.

    A.     As used in this Order, the "Releasing Parties" shall mean Plaintiff, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

    B.     As used in this Order, the "Released Parties" shall mean Defendant, and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns, and Persons, firms, trusts, corporations, officers, directors, other

4

individuals, or entities in which Defendant has a controlling interest or which are related to or affiliated with Defendant or any other representatives of any of these Persons and entities.

C.     As used in this Order, the "Released Claims" shall mean any and all claims, liens, demands, actions, causes of action, obligations, damages, or liabilities of any nature whatsoever (including Unknown Claims), whether legal, equitable, or otherwise, that were, or could have been, asserted in the Action or the California Action based upon:  (a) the facts alleged in the Action, (b) any violation of any state or federal statutory or common law or regulation, and (c) any claim arising directly or indirectly out of, or in any way relating to, the claims that were, or could have been, asserted in the Action or the California Action.

D.     The Releasing Parties hereby release and forever discharge the Released Parties from the Released Claims as of the date that this Final Order and Judgment is entered.

19.     The Releases detailed in Paragraph 16 above include claims that the Releasing Parties have, had, or may have against the Releasing Parties, whether known or unknown.  The Releases in this Order and the Settlement Agreement fully, finally, and forever discharge all Released Claims that could have been raised in the Action or the California Action as well as claims that the Plaintiff or any or all other Persons and entities whose Claims are being released, or any of them, do not know or suspect to exist, which, if known by her, him, or it, might affect her, his, or its agreement to release the Released Parties or the Released Claims or might affect her, his, or its decision to agree, object, or not object to the Settlement.  Upon the Effective Date,

Plaintiff and all other Persons and entities whose Claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiff and all other Persons and entities whose Claims are being released shall also be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by:  (a) any law of any state or territory of the United States, (b) principle of common law, or (c) the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

20.    To the extent Motorola Mobility, LLC decides to use an Upgrade Page, it shall include the following disclaimer in a clear and conspicuous manner on its Android Software Dedicated Upgrade Web Page, which currently appears at https://motorola-global-portal.custhelp.com/app/software-upgrade-news/g_id/1949 (the "Upgrade Page"), for a period of up to eighteen (18) months following the Preliminary Approval Order of the Settlement Agreement:

> Disclaimer: *The information contained herein is provided for information purposes only and is intended only to describe Motorola Mobility's current plans regarding potential upgrades or updates to the operating systems on its Android-powered devices and is, therefore, subject to change. The information communicated is not a commitment or an obligation to deliver any product, product feature, software upgrade, or functionality and Motorola Mobility reserves the right to change the content and timing of any product, product feature, or software release. The software functionality and features provided by a specific version*

6

> of the Android operating system may vary by device and
> manufacturer.

Once the upgrade process begins for a particular device—*i.e.*, upon the commencement of an upgrade to consumers' devices—Motorola Mobility, LLC may remove the disclaimer from the Upgrade Page for that particular device and upgrade. Motorola Mobility, LLC may also revise the disclaimer language from time to time at its sole discretion, so long as the language is consistent with its obligations under the Settlement Agreement. Motorola Mobility, LLC shall also include a hyperlink to the Upgrade Page in any official press release issued solely by Motorola Mobility, LLC, wherein the primary purpose of such press release is to announce the public availability of an upgrade to the Android operating system on a Motorola Mobility, LLC device.

21. The Court awards to Class Counsel $350,000 as reasonable attorneys' fees and costs.

22. The Court awards to Plaintiff Haught $2,000 as a reasonable Incentive Award for his role as Class Representative.

23. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction with respect to this Settlement including, without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Plaintiff, Settlement Class Members, and Defendant regarding the Settlement Agreement and this Final Judgment and Order. Plaintiff, Settlement Class Members, and Defendant are hereby deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Settlement Agreement including, but not limited to, the applicability of the Released Claims, this Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute

concerning the Settlement Agreement including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court or that this Court is, in any way, an improper venue or an inconvenient forum.

24. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

25. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Action shall revert to its status

8

with respect to class certification and as it otherwise existed prior to the date of the Settlement Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

26.    Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order, notwithstanding the Court's retention of jurisdiction to oversee the implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).


**IT IS SO ORDERED**.


ENTERED: _____          _____

                                         HONORABLE VIRGINIA M. KENDALL
                                         UNITED STATES DISTRICT JUDGE

**Addendum A**

The Persons or entities listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1.        [INSERT]

# Exhibit D

**If You Purchased a Motorola CLIQ XT Mobile Phone Prior to February 2, 2011, You May Be Part of a Class Action Settlement.**

This is a Notice about a proposed class action settlement involving Motorola's CLIQ XT mobile phone. The Plaintiff in this case alleges that Motorola represented to consumers that it would upgrade the operating system of its CLIQ XT mobile device, but failed to do so. Motorola Mobility, LLC denies any wrongdoing.

**Am I included in the Settlement?** You are included in the Settlement if you purchased a Motorola CLIQ XT mobile phone prior to February 2, 2011.

**What do I get?** Defendant has agreed to provide Settlement Class Members who file Approved Claim Forms a **redemption code worth $25 at the Motorola Online Store** (www.store.motorola.com). The redemption code will expire 120 days after issuance and will be fully transferrable, meaning that you can give it as a gift or sell it to someone else. Defendant has also agreed to include an additional disclaimer on Motorola's Android Software Upgrade Website regarding Motorola's ability and timing for upgrading its phones' operating systems.

**How do I get a payment?** In order to receive a payment under the Settlement, you must submit a Claim Form on or before [date], 2014. You may submit a Claim Form by mail or online at www.CliqXTSettlement.com. For information about how to obtain a Claim Form, see the section of this notice titled "For more information," below.

**Your other rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by sending a letter saying that you want to be excluded from the Settlement Class in *Haught v. Motorola Mobility, Inc.*, Case No. 12-cv-2515 no later than [date]. If you stay in the Settlement, you will not be able to sue Defendant in a separate lawsuit for any claim released as part of the Settlement. If you disagree with any part of the Settlement and do not exclude yourself, you may object to the Settlement by [date] by sending your objection to the Court and counsel for the Parties. The Court will hold a hearing on [date] to consider whether to approve the Settlement, approve a request by Class Counsel for attorneys' fees and expenses up to $350,000, and approve a Class Representative award of $2,000 to Jack Haught. The Court has appointed attorneys to represent the Settlement Class, but you may hire your own attorney at your own expense.

**For more information.** To view a detailed Notice, the Settlement Agreement, and other court documents, as well as fill out a Claim Form and find information on how to exclude yourself from, or object to, the Settlement, please visit the Settlement Website at **www.CliqXTSettlement.com**, call **[toll free #]**, or write to the Settlement Administrator at CliqXT Settlement, PO Box 3058, Portland, OR 97208-3058.

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JACK HAUGHT, individually and on behalf of
all others similarly situated,

Plaintiff,

v.

MOTOROLA MOBILITY, INC., a Delaware
corporation,

Defendant.

Case No. 1:12-cv-02515

Honorable Virginia M. Kendall

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Motion for Preliminary Approval

of a proposed class action settlement ("Settlement") of the above-captioned matter (the "Action")

between Plaintiff Jack Haught ("Plaintiff") and Defendant Motorola Mobility, LLC (f/k/a

Motorola Mobility, Inc.) ("Defendant"), as set forth in the Class Action Settlement Agreement

between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having duly

considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.     Unless defined herein, all defined terms in this Order shall have the respective

meanings ascribed to the same terms in the Settlement Agreement.

2.     The Court has conducted a preliminary evaluation of the Settlement set forth in

the Settlement Agreement for fairness, adequacy, and reasonableness.  Based on this preliminary

evaluation, the Court finds that:  (i) there is good cause to believe that the settlement is fair,

reasonable, and adequate, (ii) the Settlement has been negotiated at arm's length between

experienced attorneys familiar with the legal and factual issues of this case and was reached with

the assistance of Magistrate Judge Young B. Kim, and (iii) the Settlement warrants Notice of its

material terms to Settlement Class Members for their consideration and reaction.  Therefore, the

Court grants preliminary approval of the Settlement.

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:  All Persons and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

4.     For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff Jack Haught as Class Representative.

5.     For settlement purposes only, the Court hereby preliminarily approves the appointment of the following attorneys as Class Counsel:

> Rafey S. Balabanian
> Benjamin H. Richman
> Christopher L. Dore
> Edelson PC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

6.     On [DATE & TIME], or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether:  (a) final approval of the Settlement should be granted and (b) Class Counsel's application for attorneys' fees and expenses, and an incentive award to the Class Representative should be granted.  No later than [DATE], Plaintiff must file his papers in support of final approval of the Settlement and in response to any objections, as well as Class Counsel's application for attorneys' fees and expenses.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than [DATE].

7.     Pursuant to the Settlement Agreement, Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8.    To aid in the efficient submission of claims, the Settlement Agreement allows claimants to submit claims online without the need for a manual signature.  Claimants who submit an electronic Claim Form shall be bound to the same extent as if they had used a manual signature and the Claim Form will contain a statement to that effect.

9.    The Court approves the proposed plan for giving Notice to the Settlement Class by direct Notice through postcards to the last-known addresses of the Settlement Class Members and the creation of the Settlement Website, as more fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto.  The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the Notice Plan no later than [DATE].

10.    All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than sixty (60) days following the date the Postcard Notice is first disseminated to the Settlement Class Members.  To be valid, any Request for Exclusion must identify the case name *Haught v. Motorola Mobility, Inc*., No. 12-cv-2515 (N.D. Ill.); state the name, address, and telephone number of the Settlement Class Member seeking exclusion; identify the telephone number that the Settlement Class Member believes was associated with the CLIQ XT purchased by the Settlement Class Member; and be physically signed by the Person seeking exclusion. Each Request for Exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Haught v. Motorola Mobility*."  A request for exclusion that does not include all of the foregoing information; is sent to an address other than the one designated in the Notice; or is not postmarked within the time specified, shall be invalid

3

and the Person serving such a request shall be deemed a member of the Settlement Class and be bound as a Settlement Class Member by the Settlement.  The Settlement Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and counsel for Defendant.

11.     Any member of the Settlement Class may comment in support of, or in opposition to, the Settlement at her, his, or its own expense, *provided, however*, that all comments and objections must be filed with the Court and postmarked to Class Counsel and Defendant's counsel no later than sixty (60) days following the date the Postcard Notice is first disseminated to the Settlement Class.  A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for her, his, or its comment to be considered by the Court.  To be valid, any objections shall be in writing with the caption *Haught v. Motorola Mobility, Inc*., No. 12-cv-2515 (N.D. Ill.) and include:  (a) the Settlement Class Member's full name and current address, (b) the telephone number that the Settlement Class Member believes was associated with the CLIQ XT purchased by the Settlement Class Member, (c) a signed declaration that she, he, or it believes herself, himself, or itself to be a member of the Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, and (f) a notice of intent to appear (if any).

12.     Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived her, his, or its objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

13.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of

an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

14.     The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Action shall revert to its status with respect to class certification and as it otherwise existed prior to the date of the Settlement Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED**.

ENTERED: _____        _____
                                                                HONORABLE VIRGINIA M. KENDALL
                                                                UNITED STATES DISTRICT JUDGE