IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK HAUGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:12-cv-02515<br><br>Honorable Virginia M. Kendall |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Court, having considered Plaintiff's Motion for Final Approval ("Motion for Final Approval") of the settlement (the "Settlement") of the above-captioned matter ("Action"), brought by Plaintiff Jack Haught ("Plaintiff") against Defendant Motorola Mobility, LLC (f/k/a Motorola Mobility, Inc.) ("Defendant"), pursuant to the Class Action Settlement Agreement dated May 7, 2014 (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on November 20, 2014, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On July 3, 2014, this Court preliminarily approved the Settlement and certified, for settlement purposes only, the Settlement Class consisting of: All Persons and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

1

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct postcard notice and the creation of the Settlement Website, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of Magistrate Judge Young B. Kim and, thus, is supported by Plaintiff and Class Counsel.

6. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

8. The persons listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

9. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

10. The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3): All Persons and entities in the United States who purchased a Motorola CLIQ XT prior to February 2, 2011.

11. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of Plaintiff are typical of the claims of the Settlement Class; Plaintiff will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members.

12. The preliminary appointment of the following attorneys as Class Counsel is hereby confirmed:

> Rafey S. Balabanian
> Benjamin H. Richman
> Christopher L. Dore
> Edelson PC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

13. Class Counsel are experienced in class litigation, including litigation of similar claims, and have fairly and adequately represented the interests of the Settlement Class.

14. The Action is hereby dismissed with prejudice and without costs.

15. ~~Notwithstanding, the Court shall retain jurisdiction for the sole and exclusive purpose of enforcing the terms of the Settlement Agreement.~~

16. This judgment is entered without any admission by Defendant of any liability or as to the merits of any of the allegations in the Complaint.

17. The Parties are directed to distribute the consideration to the Settlement Class pursuant to Paragraph 2.1 of the Settlement Agreement.

18. The Releasing Parties release and forever discharge the Released Parties from the Released Claims.

    A. As used in this Order, the "Releasing Parties" shall mean Plaintiff, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

    B. As used in this Order, the "Released Parties" shall mean Defendant, and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns, and Persons, firms, trusts, corporations, officers, directors, other

individuals, or entities in which Defendant has a controlling interest or which are related to or affiliated with Defendant or any other representatives of any of these Persons and entities.

C. As used in this Order, the "Released Claims" shall mean any and all claims, liens, demands, actions, causes of action, obligations, damages, or liabilities of any nature whatsoever (including Unknown Claims), whether legal, equitable, or otherwise, that were, or could have been, asserted in the Action or the California Action based upon: (a) the facts alleged in the Action, (b) any violation of any state or federal statutory or common law or regulation, and (c) any claim arising directly or indirectly out of, or in any way relating to, the claims that were, or could have been, asserted in the Action or the California Action.

D. The Releasing Parties hereby release and forever discharge the Released Parties from the Released Claims as of the date that this Final Order and Judgment is entered.

19. The Releases detailed in Paragraph 16 above include claims that the Releasing Parties have, had, or may have against the Releasing Parties, whether known or unknown. The Releases in this Order and the Settlement Agreement fully, finally, and forever discharge all Released Claims that could have been raised in the Action or the California Action as well as claims that the Plaintiff or any or all other Persons and entities whose Claims are being released, or any of them, do not know or suspect to exist, which, if known by her, him, or it, might affect her, his, or its agreement to release the Released Parties or the Released Claims or might affect her, his, or its decision to agree, object, or not object to the Settlement. Upon the Effective Date,

Plaintiff and all other Persons and entities whose Claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiff and all other Persons and entities whose Claims are being released shall also be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by: (a) any law of any state or territory of the United States, (b) principle of common law, or (c) the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

20. To the extent Motorola Mobility, LLC decides to use an Upgrade Page, it shall include the following disclaimer in a clear and conspicuous manner on its Android Software Dedicated Upgrade Web Page, which currently appears at https://motorola-global-portal.custhelp.com/app/software-upgrade-news/g_id/1949 (the "Upgrade Page"), for a period of up to eighteen (18) months following the Preliminary Approval Order of the Settlement Agreement:

> <u>Disclaimer:</u> *The information contained herein is provided for information purposes only and is intended only to describe Motorola Mobility's current plans regarding potential upgrades or updates to the operating systems on its Android-powered devices and is, therefore, subject to change. The information communicated is not a commitment or an obligation to deliver any product, product feature, software upgrade, or functionality and Motorola Mobility reserves the right to change the content and timing of any product, product feature, or software release. The software functionality and features provided by a specific version*

> *of the Android operating system may vary by device and manufacturer.*

Once the upgrade process begins for a particular device—*i.e.*, upon the commencement of an upgrade to consumers' devices—Motorola Mobility, LLC may remove the disclaimer from the Upgrade Page for that particular device and upgrade. Motorola Mobility, LLC may also revise the disclaimer language from time to time at its sole discretion, so long as the language is consistent with its obligations under the Settlement Agreement. Motorola Mobility, LLC shall also include a hyperlink to the Upgrade Page in any official press release issued solely by Motorola Mobility, LLC, wherein the primary purpose of such press release is to announce the public availability of an upgrade to the Android operating system on a Motorola Mobility, LLC device.

21. The Court awards to Class Counsel $350,000 as reasonable attorneys' fees and costs.

22. The Court awards to Plaintiff Haught $2,000 as a reasonable Incentive Award for his role as Class Representative.

23. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction with respect to this Settlement including, without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Plaintiff, Settlement Class Members, and Defendant regarding the Settlement Agreement and this Final Judgment and Order. Plaintiff, Settlement Class Members, and Defendant are hereby deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Settlement Agreement including, but not limited to, the applicability of the Released Claims, this Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute

concerning the Settlement Agreement including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court or that this Court is, in any way, an improper venue or an inconvenient forum.

24. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

25. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Action shall revert to its status

with respect to class certification and as it otherwise existed prior to the date of the Settlement Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

26. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order, notwithstanding the Court's retention of jurisdiction to oversee the implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

ENTERED: 11-20-14

HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE

## Addendum A

The Persons or entities listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1. Iris Piett
2. Theresa Kindell
3. Genoveva Ayala
4. Karl Gibson